## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TERRY JOE FIELDS (#93540)**  　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**　　　　　　　　　　　　　　　　　　　　　　　18-707-BAJ-RLB**

**TIM HOOPER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 22, 2019.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TERRY JOE FIELDS (#93540)**                                                      **CIVIL ACTION**

**VERSUS**

**18-707-BAJ-RLB**

**TIM HOOPER, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendants James LeBlanc, Timothy Hooper, and Sheryl Ranatza (R. Doc. 19). The motion is opposed. *See* R. Doc. 41.

The *pro se* plaintiff, an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the moving defendants complaining that his constitutional rights were violated in connection with a parole proceeding and disciplinary matters. The plaintiff later filed a Supplemental Complaint and added additional defendants and claims.[1] He prays for injunctive, declaratory and monetary relief.

The moving defendants assert, *inter alia*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to

---

[1] In his Supplemental Complaint, filed December 2, 2018, the plaintiff names Perry Stagg, Todd Barrere, Betty Johnson, Reginal Brock, Ernest Brown, and Lt. Young as additional defendants. See R. Doc. 13. The plaintiff has not requested that these defendants be served. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service and should attempt to remedy any defects of which he has knowledge. It is appropriate, therefore, that the plaintiff's claims asserted against defendants Barrere, Johnson, Brock, Brown and Young be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, *supra*, at 555.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id*. at 679.  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id*. (citation omitted).  Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

With regards the moving defendants, in his Complaint as amended, the plaintiff alleges that on October 16, 2014, the plaintiff was granted parole by defendant Ranatza.  The next day, the plaintiff acted in a strange manner due to a medical condition.  The plaintiff was

subsequently issued a disciplinary report, and was found guilty of a Rule 14 violation for intoxication. The plaintiff's disciplinary appeal was denied by defendants Hooper and LeBlanc.

The plaintiff was scheduled to be released on parole on February 21, 2015, but on March 12, 2015, the plaintiff was informed by defendant Ranatza that his parole had been revoked due to the aforementioned disciplinary violation. On June 22, 2015, pursuant to an administrative appeal, the disciplinary report was dismissed for lack of evidence. However, the plaintiff's parole was never reinstated despite multiple hearing requests by the plaintiff.

First, with regards to the plaintiff's claims against defendants Hooper and LeBlanc for denial of his disciplinary appeal, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Id*. at 373-74. This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights. *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Turning to the plaintiff's claims against defendant Ranatza for revocation of and failure to reinstate parole, the plaintiff is alleging that a specific error was made in his case – that defendant Ranatza wrongly considered the dismissed disciplinary charge to deny him parole. He is not making a general challenge to parole procedures. The plaintiff is requesting injunctive, declaratory, and monetary relief for the actions of defendant Ranatza. Granting such relief would necessarily imply that his parole was revoked and subsequently denied in error. The plaintiff may not obtain such relief under § 1983 until the decision to deny him parole is reversed or otherwise called into question. As such, the plaintiff fails to state a claim against defendant Ranatza. *See Jeffery v. Owens,* 216 F. App'x 396 (5th Cir. 2006).

Additionally, the plaintiff makes claims in his Supplemental Complaint against the moving defendants for unrelated events occurring since the filing of his original Complaint. As such, the plaintiff's claims were clearly not exhausted prior to filing suit as required by 42 U.S.C. § 1997e, pursuant to which the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of the plaintiff's claims and defendants over which the district court has original jurisdiction, the Court further recommends that the exercise of supplemental jurisdiction on any state law claims be declined.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims against defendants Barrere, Johnson, Brock, Brown and Young be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them. It is further recommended that the defendants' Motion to Dismiss (R. Doc. 19) be granted, dismissing the plaintiff's claims against defendants LeBlanc, Hooper, and Ranatza for events occurring prior to the filing of his initial Complaint, with prejudice. It is further recommended that the plaintiff's claims against defendants LeBlanc, Hooper, and Ranatza for events occurring subsequent to the filing of the initial Complaint be dismissed, without prejudice for failure to exhaust administrative remedies. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with the plaintiff's potential state law claims and that this matter be dismissed.

Signed in Baton Rouge, Louisiana, on April 22, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**